BICK, Appellant, v. HALBERSTADT, Respondent.

St. Louis Court of Appeals, February 7, 1905.

PRACTICE: Action on Account: Demurrer. A demurrer will not lie to a petition stating a cause of action upon a running account, made a part of the petition, on the ground that some of the items show the plaintiff is not entitled to recover on them, when the remaining items are proper matters to be stated in the account and entitle plaintiff to offer evidence in their support.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*Thomas P. Bashaw* for appellant.

BLAND, P. J.—The amended petition filed in the case is as follows (omitting caption):

"Plaintiff for amended petition by leave of court first had, for cause of action against defendant states that on the 25th day of August, 1903, the defendant owed and was indebted to W. H. & W. E. McFarland on account in the sum of one hundred and seventeen and 54-100 dollars, with interest then due thereon in the sum of twenty-two and 46-100 dollars, as per itemized bill of indebtedness, with all just credits thereon, which account was assigned and transferred in writing for value by said W. H. & W. E. McFarland to plaintiff, J. J. Bick, on said August 25, 1903, all of which itemized account with the balance due thereon, and interest aggregating to one hundred and forty dollars, the assignment indorsed thereon in writing from said W. H. & W. E. McFarland, which is herewith filed, attached marked Exhibit 'A' and made a part of this petition thereon, for which amount plaintiff asks and prays judgment against defendant, with six per cent interest and cost of suit."

An itemized account consisting of thirty-one items was filed with the petition. The account was opened in November, 1898, and runs through the years 1899, 1900, 1901 and 1902, the last item being dated December, 1902. The defendant demurred to the amended petition on the ground that it did not state facts sufficient to constitute any cause of action. The court sustained the demurrer. Plaintiff stood on his petition, and judgment was rendered for the defendant. Plaintiff appealed.

Defendant has filed a motion in this court to dismiss the appeal on the ground that plaintiff has not properly abstracted the record. The motion is without merit and is denied.

The account filed with the petition contains an item of damage on orchard by cattle, $10, several items for one-half of taxes paid, an item for one-half the account of Whelan and one for one-half the account of Smith. The contention of respondent is that the statement of these items in the account is not sufficient to entitle plaintiff to recover thereon. This is unquestionably true as to the item of damage to the orchard and may or may not be true as to the items for taxes and the accounts of Whelan and Smith. Whether or not these are proper matters of account depends upon the character of the evidence by which the plaintiff may offer to prove them. All the other items in the account are proper matters to be stated in an account and require no elaboration to entitle plaintiff to offer evidence to establish them; this being so, the petition is not wholly bad, and hence cannot be attacked by general demurrer.

The judgment is reversed and the cause remanded. All concur.